**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

| | |
|---|---|
| **JOHN V. LASELVA** *and* **KIM LASELVA,** | **8:08-CV-112 (GLS/RFT)** |

**Plaintiffs,**

**v.**

**PENNY SCHMIDT,** *a/k/a Penny Bruce Schmidt*; **HAROLD V. SCHMIDT** *and* **LAKE AND MOUNTAIN PROPERTIES, LLC,**

**Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFFS:** | |
| Wilkins, Griffin Law Firm 2461 Main Street, Suite 2 Lake Placid, NY 12946 | JOHN T. WILKINS, ESQ. |
| **FOR DEFENDANTS:** | |
| Briggs, Norfolk Law Firm 2296 Saranac Avenue Lake Placid, NY 12946 | MATTHEW D. NORFOLK, ESQ. |

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

In this removal action plaintiffs John and Kim LaSelva seek damages based upon their contention that defendants failed to provide them with health insurance as required pursuant to an employment agreement between the parties, and failed to pay John LaSelva commissions due on real estate for which he was the listing and/or selling agent.  Currently pending is defendants' motion for summary judgment.  For the reasons that follow, the court finds that the removal of this action was jurisdictionally improper, and remands it to state court.

## II.  <u>Facts and Procedural History</u>[1]

Defendant Lake and Mountain Properties, LLC ("LMP") is a New York limited liability company engaged in the real estate business in and around Lake Placid, New York. (*See* Def. SMF ¶ 1; Dkt. No. 22:4.)  Defendants Harold V. Schmidt and Penny Bruce-Schmidt were the only members of LMP until March of 2007, when the former became the sole member of LMP.  *Id*. at ¶¶ 3-5.  Plaintiff John LaSelva was an at will employee of LMP from June 22, 2002 to March 13, 2007, in which capacity he oversaw

---

[1]In assessing its jurisdiction over this action the court has considered all relevant matters within the record, including the parties' 7.1 statements.  The court notes that both parties have failed to comply with N.D.N.Y. R. 7.1(a)(3).  Specifically, plaintiffs have failed to support their 7.1 denials with record citations, while defendants have entirely failed to respond to plaintiffs' responsive 7.1 statement.  The parties are directed to review Rule 7.1 and comply with it in the future.

LMP's vacation rental business and had various administrative duties.  *Id*. at ¶¶ 9, 11.  Additionally, from approximately 2004 to March 13, 2007, Mr. LaSelva worked as an independent contractor for LMP as a licensed real estate agent.  *Id*. at ¶ 14.

From July 1, 2002 to October 31, 2006, LMP provided health insurance to Mr. LaSelva and his wife, plaintiff Kim LaSelva, under a group health plan as part of Mr. LaSelva's compensation package.  (*See* Def. SMF ¶ 20; Dkt. No. 22:4, Pl. SMF ¶¶ 33-34; Dkt. No. 32.)  In early December of 2006, Mr. LaSelva was notified by his insurer that his insurance had been cancelled effective November 1, 2006 due to LMP's non-payment of insurance premiums.  (*See* Def. SMF ¶ 25; Dkt. No. 22:4.) He complained to Penny Bruce-Schmidt, who then apparently paid the premium due, as the LaSelvas' health insurance was reinstated for November and December of 2006.  (*See* Pl. SMF ¶¶ 35-36; Dkt. No. 32.) On March 13, 2007, Mr. LaSelva terminated his affiliation with LMP both as an at-will employee and as an independent contractor.  (*See* Def. SMF ¶ 17; Dkt. No. 22:4.)  Subsequently, in May of 2007, Mr. LaSelva learned that his family health insurance had been cancelled as of January 1, 2007. (*See* Pl. SMF ¶ 37; Dkt. No. 32.)

3

On November 16, 2007, plaintiffs filed this action in New York State Supreme Court, Essex County, asserting four claims.  (*See* Def. Ex A., State Compl.; Dkt. No. 1.)  Plaintiffs' first claim asserts that defendants breached their employment contract with Mr. LaSelva by failing to provide plaintiffs with health insurance.  *Id*. at ¶¶ 19-30.  The second claim asserts that defendants owed a duty to "[i]nform plaintiffs that their insurance was about to be cancelled" and advise plaintiffs of "their rights under COBRA or other legislation or other contract rights to continue their health insurance at their own cost."  *Id*. at ¶¶ 31-41.  It is contended that defendants breached these duties and committed fraud by representing to plaintiffs "that their health insurance was in full force and effect, that all premiums were paid and that their health insurance was not in jeopardy," when in fact plaintiffs' health insurance had been cancelled.  *Id*.  Plaintiffs' third and fourth claims assert causes of action for breach of contract based upon allegations that the moving defendants have failed to pay Mr. LaSelva commissions due and owing on two properties purchased by defendants for which Mr. LaSelva was the listing and/or selling agent.  *Id*. at ¶¶ 41-68.

On January 30, 2008, defendants removed the action to this court pursuant to 28 U.S.C. §§ 1441(b) and 1446, invoking the court's jurisdiction

under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1), (f). (*See* Notice of Removal; Dkt. No. 1.) Defendants contended removal was timely - despite the fact that it was effected months after the complaint was filed and served - because it was not until approximately January 10, 2008 that it became clear plaintiffs were asserting a federal Consolidated Omnibus Budget Reconciliation Act ("COBRA") claim under 29 U.S.C. § 1166.[2] (*See* Notice of Removal ¶¶ 4-7; Dkt. No. 1, Def. Reply ¶ 7; Dkt. No. 39.) On or around that date, plaintiffs' counsel served defendants with a motion for expedited discovery and a supporting attorney affidavit (the "January 10th affirmation" or "affirmation") which stated, in relevant part:

> First, plaintiffs seek damages due to their loss of health insurance benefits which had been provided to them through plaintiff John LaSelva's employment at Lake and Mountain Properties, LLC in Lake Placid, New York ("LMP"). Upon information and belief, the LMP health insurance policy was canceled for nonpayment of premium. Plaintiffs were never afforded an opportunity as required under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") to acquire insurance at their own cost through the LMP policy prior to termination.

(*See* Def. Ex. C at 56; Dkt. No. 1, Notice of Removal ¶ 7; Dkt. No. 1.)

## III. Discussion

---

[2]Upon the occurrence of certain statutorily defined "qualifying events," 29 U.S.C. § 1166 imposes an obligation upon a group health plan administrator to inform "any qualified beneficiary" of the occurrence of the event and of his rights under COBRA.

While defendants have moved for a summary judgment order dismissing all of plaintiffs' claims on the merits, it is first necessary to address plaintiffs' contention that the action should be remanded for lack of subject matter jurisdiction.  (*See* Pl. Mem. of Law at 3; Dkt. No. 34.) Without such jurisdiction the court has no power to pass on the merits of plaintiffs' claims.  *See Merritt v. Shuttle, Inc.*, 187 F.3d 263, 269 (2d Cir. 1999).  Further, a court has a duty to determine whether removal is jurisdictionally proper, regardless of whether the parties raise the issue. *See* 28 U.S.C. § 1447(c)*; Mignogna v. Sair Aviation, Inc.*, 937 F.2d 37, 40 (2d Cir. 1991).

28 U.S.C. §§ 1441(a), (b) and 1446(b), permit a defendant to remove a state court action to federal court within 30 days of service of the state complaint or of the first paper from which it can be ascertained that the case is removable.  A removing defendant bears the burden of establishing the existence of removal jurisdiction.  *See Gilman v. BHC Sec., Inc.*, 104 F.3d 1418, 1421 (2d Cir. 1997).  Where jurisdiction is predicated upon a federal question, as here, removal is appropriate only where the "well pleaded complaint rule" is satisfied.  This rule holds that "[f]ederal jurisdiction exists only when a federal question is presented on the face of

the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*,

522 U.S. 470, 475 (1998) (internal citations and quotation marks omitted).

The standard is fulfilled where federal law creates the cause of action or -

less commonly - where "some substantial, disputed question of federal law

is a necessary element of one of the well-pleaded state claims." *Franchise*

*Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8-9, 13 (1983).

With very few exceptions (one of which will be discussed below) a federal

defense is insufficient to support federal question jurisdiction. *Id.* at 10.

Under the well pleaded complaint rule, the plaintiff is the "master of the

claim; he or she may avoid federal jurisdiction by exclusive reliance on

state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

In the present instance, the court finds that defendants have failed to

adequately establish this court's removal jurisdiction.  As mentioned above,

defendants removed the case after being served with plaintiffs' counsel's

January 10th affirmation- well after 30 days had expired from service of the

complaint.  Defendants justified the late hour of removal by asserting that

the January 10th affirmation was the first paper from which it could be

ascertained that plaintiffs' second claim arose under Section 1166 of

COBRA.  Given this explanation, defendants would appear to tacitly

acknowledge that the complaint does not plead a federal claim on its face, despite its passing reference to COBRA's insurance cancellation notification requirements.  (*See* Notice of Removal ¶¶ 4-11; Dkt. No. 1.)

However, the January 10th affirmation which allegedly unveils the federal cause of action goes no further in providing notice of a COBRA claim than the complaint does.  While the affirmation mentions COBRA's extended insurance coverage requirement, nowhere do the plaintiffs cite to any specific COBRA provision or make any attempt to satisfy the elements of a claim thereunder.  Indeed, as defendants note, there are no "qualifying events" at issue here which would trigger the COBRA notification requirements purportedly giving rise to plaintiffs' federal claim.  *See* 29 U.S.C. §§ 1163, 1166.   Defendants assert that this fact is grounds for dismissal on the merits, not for lack of jurisdiction.  (*See* Def. Reply at ¶ 7; Dkt. No. 39.)  However, a facade of a federal claim will not support federal jurisdiction where a review of the complaint reveals that such a claim is patently devoid of merit.  *See, e.g., Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 89 (1998); *Hagans v. Lavine*, 415 U.S. 528, 542-43 (1974); *Giulini v. Blessing*, 654 F.2d 189, 192 (2d Cir. 1981).  Such is the case here, given that the absence of any "qualifying event" implicating Section

8

1166 of COBRA is clear from the face of plaintiffs' pleading.  Further, any ambiguity as to the nature of the claims plaintiffs intended to assert has been resolved by plaintiffs' briefing, wherein it is made abundantly clear that plaintiffs seek to assert state claims for breach of contract to provide health insurance and fraud, not federal claims under COBRA (*See* Pl. Mem. of Law at 3; Dkt. No. 34).  *See, e.g., E. States Health and Welfare Fund v. Philip Morris, Inc.*, 11 F. Supp. 2d 384, 392-93 (S.D.N.Y. 1998) (Sotomayor, J.) (plaintiffs' disclaimer of federal ERISA claims given effect where nature of claims asserted was ambiguous).  As such, the court finds that defendants' removal based upon the purported federal nature of plaintiffs' second claim was jurisdictionally improper.

It should be noted that the above review is limited to the grounds upon which defendants removed this action- the assertion that plaintiffs were advancing a federal COBRA claim in their second cause of action. The court recognizes that beyond the state or federal character of plaintiffs' claims, there is a very real issue as to whether the first and second claims are completely preempted by the Employee Retirement Income Security Act ("ERISA").  *See, e.g., Robinson v. Linomaz*, 58 F.3d 365, 368-70 (8th Cir. 1995) (finding state claims arising out of employer's termination of

9

health insurance were preempted by ERISA)*; Sofo v. Pan-American Life Ins. Co.,* 13 F.3d 239, 241 (7th Cir. 1994) (same); *but see Vent Intensive Providers, Inc. v. Tropical Int'l Corp.,* 38 F. Supp. 2d 1366, 1367 (S.D. Fl. 1999) (finding ERISA does not preempt claims arising out of employer's cancellation of health insurance); *Callaway v. G.S.P., Inc.*, 793 F. Supp. 133 (S.D. Tex. 1992) (same).  As alluded to *supra*, complete preemption under ERISA may support removal as an exception to the general rule that federal defenses do not give rise to federal jurisdiction.  *See, e.g., Marcella v. Capital Dist. Physicians' Health Plan*, 293 F.3d 42, 45 (2d Cir. 2002). However, defendants did not remove on preemption grounds and do not raise it now as a basis for jurisdiction or as a defense.  Rather, as to plaintiffs' remaining claims, defendants present a series of substantive arguments under state law in support of their motion for summary judgment.  Given this, and the fact that it is defendants' burden to demonstrate proper removal based on complete preemption, *see id.* at 46, the court does not address the issue.  Instead, having found that the sole federal claim which purportedly supported removal is in fact a state claim, the court remands this action to New York State Supreme Court, Essex County- with the forewarning that plaintiffs' victory here may ultimately

reveal itself to be a pyrrhic one.

### IV.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that this matter be **REMANDED** to the New York State Supreme Court, Essex County for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); and it is further

**ORDERED** that the Clerk of the Court serve a certified copy of this Order to the state court; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Order to the parties by regular mail.

**IT IS SO ORDERED.**

Dated: May 7, 2009

United States District Court Judge